| | |
|---|---|
| 01 | |
| 02 | |
| 03 | |
| 04 | |
| 05 | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| KHAMIS AKIM KOMBO, | ) CASE NO. C08-1799-RSL |
|---|---|
| Petitioner, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| A. NEIL CLARK, | ) |
| Respondent. | ) |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Khamis Akim Kombo, proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, which challenges his detention by the U.S. Immigration and Customs Enforcement ("ICE") at the Northwest Detention Center in Tacoma, Washington. (Dkt. 8). He requests that this Court order his release from custody on conditions or reasonable bond, arguing that "such custody violates the due process rights of the Petitioner." *Id.* at 1. Respondent has filed a motion to dismiss, arguing that petitioner was permitted to land in the United States as a D-1 crewman aboard the M/V Maria-M for a temporary period, and as such, he is not entitled to removal proceedings. (Dkt. 13). Respondent contends that

REPORT AND RECOMMENDATION
PAGE -1

the Department of Homeland Security ("DHS") retains sole authority for the parole of alien crewman and that petitioner has not exhausted his administrative remedies by making a request for parole with DHS. *Id.*

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. 8) be DENIED and respondent's motion to dismiss (Dkt. 13) be GRANTED.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Tanzania. (Dkt. 14 at R56-57). On August 2, 1999, he was admitted to the United States at New Orleans, Louisiana as a D-1 crewman aboard the M/V Maria-M with authorization to remain in the country until his ship left port for a period not to exceed twenty-nine days. (Dkt. 14 at R52). Petitioner did not depart the United States as required.

On February 13, 2004, petitioner married United States citizen Shirley Dean Butts. (Dkt. 14 at L9). On May 30, 2005, Ms. Butts filed a form I-130 Petition for Alien Relative on petitioner's behalf, and petitioner filed a form I-485 Application to Register Permanent Resident or Adjust Status. (Dkt. 14 at L207-08, L56-59). On January 10, 2006, the Department of Homeland Security ("DHS") approved the I-130 visa petition and forwarded it to the National Visa Center pending a decision on the I-485 application. (Dkt. 14 at L209). While petitioner's I-485 application was pending, DHS conducted a marriage fraud investigation and discovered that petitioner's marriage to Ms. Butts was a sham and that the only purpose of the marriage was to obtain lawful permanent residence status for petitioner. (Dkt. 14 at R30). On September 3, 2008, Ms. Butts withdrew her I-130 petition, admitting that she was "paid $5,000 to marry Khamis Kombo to help him get a green card." (Dkt. 14 at

L213). Ms. Butts I-130 petition was subsequently revoked, and petitioner's I-485 application was denied. (Dkt. 14 at R42-44, L212).

On October 30, 2008, ICE arrested petitioner and served him with a Warrant of Arrest, Notice of Custody Determination, and Notice to Appear, charging him with removability under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. (Dkt. 14 at L68-71). Bond was initially set at $30,000, however, on November 6, 2008, ICE determined that petitioner had been admitted to the United States as a D-1 crewman and that the charge of removability under § 1182(a)(6)(A)(i) and the removal proceedings were improper. (Dkt. 14 at R86). ICE cancelled the Notice to Appear as improvidently issued and petitioner's case was referred to an Immigration Judge ("IJ") for removal without a hearing pursuant to 8 C.F.R. § 252.2(b). (Dkt. 14 at L84). On October 31, 2008, petitioner filed an I-589 application for asylum, asserting a fear of return to Tanzania. (Dkt. 14 at R49-71).

On November 5, 2008, petitioner appeared, with counsel, for a bond hearing before an IJ. (Dkt. 14 at L79). The IJ denied petitioner's bond request, finding that because petitioner was not in removal proceedings he was barred from receiving bond pursuant to 8 C.F.R. § 252.2(b). *Id.* Petitioner reserved appeal but never filed an appeal of the IJ's custody order with the Board of Immigration Appeals ("BIA"). *Id.*

On December 15, 2008, petitioner filed the present action challenging his detention. (Dkt. 8). Respondent filed a return memorandum and motion to dismiss on February 9, 2009. (Dkt. 13). Petitioner did not file a response.

On or about March 12, 2009, petitioner appeared for an individual merits hearing before an IJ, who denied petitioner's application for asylum. (Dkt. 13 at 4). Petitioner's appeal of the

IJ's decision denying his application for asylum is due on April 20, 2009.

## III. DISCUSSION

"A crewman who was granted landing privileges on or after April 1, 1997, and who has not departed . . . on the vessel of arrival, or on another vessel or aircraft . . . shall be removed from the United States without a hearing, except as provided in § 208.2(b)(1)." 8 C.F.R. § 252.2(b). A crewman may be referred to an immigration judge for a limited hearing solely on asylum or withholding, however, the hearing may not be used to challenge removability or any other forms of relief. *See id.* Section 208.2 provides an immigration judge exclusive jurisdiction over any asylum application filed by an alien crewman. *See* 8 C.F.R. § 208.2. Although a crewman may be referred to an immigration judge for a limited hearing based only on asylum, the immigration judge has no jurisdiction to review any other matters, such as removal or bond. *See* 8 C.F.R. § 208.2(c)(1)(providing immigration judges exclusive jurisdiction over any asylum applications filed by alien crewmen); 8 C.F.R. § 252.2(b).

The summary procedure established by Congress under INA § 252(b) "was designed to address the serious problems created 'by alien crewmen who deserted their ships and secreted themselves in the United States'" recognizing that "'the temporary 'shore leave' admission of alien seamen who remain illegally constitutes one of the most important loopholes in our whole system of restrictions and control of the entry of aliens into the United States.'" *Matter of Di Santillo*, 18 I&N Dec. 407, 410 (1983) (quoting *Immigration and Naturalization Service v. Stanisic*, 395 U.S. 62, 73-74 (1969)).

The record establishes that petitioner was admitted to the United States on August 2, 1999, as a D-1 crewman with authorization to remain in the country until his vessel left port for

a period not to exceed twenty-nine days. (Dkt. 14 at L82-84). Petitioner failed to depart aboard his vessel as required. *See* INA § 252(a), 8 U.S.C. § 1282(a); 8 C.F.R. 252.1(d). As a crewman, petitioner may pursue asylum, which he has done, but is not entitled to removal proceedings before an immigration court. *See Id.* Likewise, the immigration court has no jurisdiction to consider a challenge to petitioner's removal from the United States or his detention. *Id.* Rather, DHS retains exclusive jurisdiction over decisions of whether to parole a crewman into the United States. *See* 8 C.F.R. § 208.5(b); 8 C.F.R. § 253.1(f); 8 U.S.C. § 1182.

Parole decisions are made on a "case-by-case basis for 'urgent humanitarian reasons' or 'significant public benefit,' provided the aliens present neither a security risk nor a risk of absconding." 8 C.F.R. § 212.5(b). Decisions to deny parole are not reviewed under the "traditional abuse of discretion standard." *See Mason v. Brooks*, 862 F.2d 190, 193 (9th Cir. 1988)(citing *Garcia-Mir v. Smith*, 766 F.2d 1478, 1485 (11th Cir. 1985)). "Instead, a rejection of parole will be upheld if the agency advanced a facially legitimate and bona fide reason for the denial." *Id.* at 193-94.

Here, however, petitioner has never requested parole. Although petitioner requested a bond redetermination, the IJ determined that he lacked jurisdiction pursuant to 8 C.F.R. § 252.2(b) because petitioner was not in removal proceedings. (Dkt. 14 at L79). Petitioner did not appeal this finding, and has never sought parole from DHS, although he remains eligible to do so. Nevertheless, petitioner argues that his custody violates procedural due process requirements and requests that this Court order respondent to release him on bond or conditions.

The Court finds that petitioner does not have standing to challenge the conduct of respondent because he failed to avail himself of the administrative remedies available to him. In order to have standing to bring a due process claim, petitioner must have suffered actual injury as a result of the procedure about which he complains. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 2136 (1992); *see also Lewis v. Casey*, 518 U.S. 343, 351, 116 S. Ct. 2174, 2180 (1996)(holding that prisoners did not have standing to bring claims that the insufficiency of the prison library violated their constitutional rights unless they showed that this actually hindered their efforts to pursue legal claims). Here, petitioner wholly refused to avail himself of the administrative procedures available to him by failing to request parole for alien crewman from DHS. The government cannot be held to have violated procedural due process requirements when it has made administrative procedures available and the petitioner has simply refused to avail himself of them. Because petitioner has not taken advantage of the procedural processes available to him, he lacks standing to challenge such procedures as constitutionally inadequate. *See Lujan*, 504 U.S. at 560-61.

## IV. CONCLUSION

For the foregoing reasons, I recommend that respondent's motion to dismiss be granted, and that the action be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 1st day of April, 2009.

s/ Mary Alice Theiler
United States Magistrate Judge